# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ALRON CONSTRUCTION, LLC,
a/a/o Castaways Cove Condo
Association, Inc.,

    Plaintiff,

v.        Case No. 3:19-cv-130-J-32JRK

LEXINGTON INSURANCE
COMPANY, a foreign corporation,

    Defendant.

## **O R D E R**

This case is before the Court on Plaintiff's First Motion for Leave to File Amended Complaint and Motion for Remand of Action to State Court (Doc. 19), to which defendant responded in opposition (Doc. 22). At the Court's direction, plaintiff filed a supplemental brief (Doc. 29) and a revised proposed amended complaint (Doc. 28).

As alleged in its complaint (Doc. 3), plaintiff Alron Construction, LLC, as the assignee of Castaways Cove Condo Association, Inc., seeks insurance coverage from Castaways' insurer, defendant Lexington Insurance Company, for structural damages sustained by Castaways during a storm. Alron sues

Lexington for breach of contract and declaratory relief. Lexington removed the case on the basis of diversity jurisdiction (Doc. 1).[1] As part of its demonstration of the amount in controversy, Lexington attached an exhibit showing payments issued to Alron. See Doc. 1, Ex. F.

According to Alron, its review of that exhibit revealed (for the first time) that, without Alron's authorization, Castaways had converted to its own use two checks from Lexington totaling $207,428.23 made payable to both Castaways and Alron. Alron now seeks leave to file an amended complaint which retains the two original counts for breach of contract and declaratory judgment against Lexington, and names Castaways as a defendant in two counts for its alleged conversion of the two checks. See Revised Proposed Amended Complaint (Doc. 28) (styled as "Second Amended Complaint"). Further, Alron moves to remand on the basis that the addition of Castaways, a Florida citizen like Alron, would destroy diversity jurisdiction.

The Court has discretion to permit or deny joinder of a defendant whose presence would destroy the federal court's subject matter jurisdiction. 28 U.S.C. § 1447(e). In reaching its decision, the Court considers (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether

---

[1] Lexington supplemented the allegations regarding the parties' citizenship to the Court's satisfaction. See Doc. 18.

plaintiff will be significantly injured if amendment is not allowed, and" (4) "any other factors bearing on the equities." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

Lexington opposes the amendment, arguing that Alron's purpose in seeking to add Castaways is to defeat diversity jurisdiction, but its reasons for saying so are unpersuasive. First, it appears Lexington misreads Alron's reference in the proposed amended complaint to the Castaways officers as being "listed"—the Court does not take this to mean that Alron intended to name them (or "list" them) in the amended complaint, but rather that they are "listed" as officers in Castaways' corporate documents. Nonetheless, Castaways' state of incorporation is alleged to be Florida, the same as Alron's, so naming (or not naming) Castaways' officers as defendants is irrelevant for purposes of assessing whether the parties are diverse. Second, Lexington suggests that Alron's inclusion of the motion to remand in the same document as its motion to amend is a sign of Alron's "obvious intent" to defeat jurisdiction. But doing so complies with 28 U.S.C. § 1447(e) because if the Court permits the amendment, the case would have to be remanded (barring an exception such as the realignment doctrine). The Court does not take the filing of the dual motions as a sign of Alron's intent to defeat jurisdiction.

Lexington does not argue that Alron was dilatory in raising this issue (the Court finds it was not); Alron credibly claims that it will be prejudiced by the

3

prospect of litigating two separate lawsuits arising out of the same set of facts and circumstances; Alron argues as an additional consideration that one of Lexington's defenses suggests that Castaways should be joined as a party; and finally, Lexington does not contend that it will be prejudiced by litigating in state court. These factors lead the Court to conclude that Alron should be permitted to amend its complaint to add its claims against Castaways.

Lexington, however, argues that even if the Court permits the amendment, the realignment doctrine requires that Castaways be added as a plaintiff (which would preserve diversity), not a defendant (which would destroy diversity). "[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation." St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 890 F.3d 1265, 1269 (11th Cir. 2018) (quotation and citation omitted). "[I]t is the duty of the federal courts to look beyond the pleadings, and arrange the parties according to their sides in the dispute." Id. (quotation and citation omitted). "Whether the necessary 'collision of interest' exists is not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute." Id. (quoting City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69 (1941)).

Two different tests have evolved from the language in City of Indianapolis—the "collision of interest" test (which requires realignment only

4

if "the conflict with the original plaintiff was not actual and substantial," Fidelity & Deposit Co. v. City of Sheboygan Falls, 713 F.2d 1261, 1268 (7th Cir. 1983)), and the "primary dispute" or "primary interest" test (under which the parties must "be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment," U.S. Fid. & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992)). See Maryland Cas. Co. v. W.R. Grace and Co., 23 F.3d 617, 622 (2d Cir. 1993) (discussing City of Indianapolis). The Eleventh Circuit has not formally adopted one test over the other and, while it appears to follow the "primary interest" test, James River Ins. Co. v. Arlington Pebble Creek, LLC, 118 F. Supp. 3d 1302, 1307-08 (N.D. Fla. 2015) (citing cases), in its recent St. Paul decision, the Eleventh Circuit drew on elements of both tests. See St. Paul, 890 F.3d at 1269-71. The Court finds that neither test requires realignment here.

It is true, as Lexington argues, that in most insurance coverage actions, those seeking coverage are aligned as plaintiffs against the insurance companies as defendants. See, e.g., City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (affirming realignment of judgment creditor and judgment debtor as plaintiffs against insurer where both plaintiffs sought to compel insurer to cover the claim). Lexington argues that both Alron and Castaways are seeking coverage from Lexington so they should be

5

realigned. But in this suit, Castaways has no claim against Lexington because it has assigned its rights to that claim to Alron. See Continental Cas. Co. v. Ryan, 974 So. 2d 368, 376 (Fla. 2008) (explaining that an assignor has no rights to enforce an interest once assigned to another). While Lexington contends that Castaways has additional claims aside from the claim assigned to Alron, those are not part of this lawsuit. And, unlike other cases in which parties have been realigned, Alron is directly suing Castaways. Cf. Vestavia Hills, 676 F.3d at 1314 (holding district court properly realigned as a co-plaintiff judgment debtor from whom judgment creditor "did not seek any relief"); St. Paul, 880 F.3d at 1271 (holding district court properly realigned parties who "raised no claims against each other"). Realigning Castaways as a plaintiff would result in a "collision of interest" between the plaintiffs, and leaving Castaways as a defendant does not insult "the primary interest" of the lawsuit. Under either test, Castaways is properly named as a defendant in Alron's revised proposed amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's First Motion for Leave to File Amended Complaint and Motion for Remand of Action to State Court (Doc. 19), is **GRANTED**.

2. Plaintiff's Revised Proposed Amended Complaint (styled as Second Amended Complaint) (Doc. 28) shall stand as its amended complaint.

6

3. This case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida.

4. After remand has been effectuated, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 10th day of July, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record

Clerk of Court, Seventh Judicial Circuit
Court, in and for Flagler County, Florida